# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-1571

HEATHER DONAHUE,

    Plaintiff,

v.

MIDLAND FUNDING LLC and THOMAS F. FARRELL, P.C. d/b/a FARRELL & SELDIN,

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Heather Donahue ("**Plaintiff**" or "**Ms. Donahue**"), an individual consumer, against Defendants Midland Funding LLC (the "**Debt Collector**") and Thomas F. Farrell, P.C. d/b/a Farrell & Seldin (the **"Debt Collection Law Firm"**, collectively the **"Defendants"**) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendants transacts business in this District and the conduct complained of occurred in this District.

## **PARTIES**

4. Plaintiff is an individual and resides in the City of Edgewater, County of Jefferson, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Delaware corporation that does business in Colorado. The Debt Collector has a principal place of business in Colorado at 80 Garden Center, Suite 3, Broomfield, Colorado 80020.

7. The Debt Collection Law Firm is a Colorado Corporation with a principal place of business at 7807 E. Peakview Ave., Suite 410, Centennial, Colorado 80111.

8. The principal purpose of the Defendants in this state is the collection of debts.

9. The Defendants regularly attempt to collect debts from consumers alleged to be due another.

10. The Defendants are engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12. The Debt Collection Law Firm is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTS**

13. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes in that the financial obligation arose from the purchase of household items by using a credit card (the "**Debt**").

14. The Debt was assigned by the original creditor to the Debt Collector for collection after the Debt was in default.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. On November 27, 2013, the Debt Collector allegedly sent a letter to the Plaintiff demanding that the Plaintiff pay the Debt (the **"Letter"**).

17. In the Letter, the Debt Collector states that the interest rate on the Debt is zero (0%) percent.

18. Beneath this representation, the Debt Collector claims that the accrued interest is $5,880.91.

19. Either the statement in paragraph 17, or the statement in Paragraph 18, or both, are false.

20. In the same Letter, the Debt Collector stated that the principal balance was $6,316.26.

21. On April 22, 2014, the Debt Collector filed suit against Plaintiff to collect the Debt in Jefferson County Court in case number 2014C035274 (the "**County Court Action**").

22. In the County Court Action, the Debt Collector stated that the Debt was $6,316.28, and requested court costs in the amount of $211.55, for a total amount of $6,527.83.

23. On April 24, 2014, Plaintiff called the Debt Collection Law Firm to inquire about the Debt (the **"Call"**).

24. During the Call, the Debt Collection Law Firm told the Plaintiff that the principal amount was $6,374.98.

25. During the Call, the Debt Collection Law Firm told the Plaintiff that court costs in the County Court Action totaled $58.70.

26. During the Call, the Debt Collection Law Firm told Plaintiff that the Debt Collector was seeking neither post-judgment, nor pre-judgment interest.

27. During the Call, Plaintiff was told that the Debt Collector did not know the date of the last payment.

28.     On or about April 25, 2014, Plaintiff sent a letter to the Debt Collection Law Firm requesting validation of the Debt.

29.     On or about May 13, 2014, the Debt Collection Law Firm provided validation documents to Plaintiff (the **"Validation Documents"**).

30.     In the Validation Documents, the Debt Collector stated that the Debt's charge off balance is $6,090.48.

31.     In the Validation Documents, the Debt Collector stated that the last payment on the Debt was received on January 8, 2009.

32.     Either the statement in paragraph 27, or the statement in paragraph 31, or both, are false.

33.     The Debt Collector reported the Debt to one or more credit reporting agencies, including Experian, Equifax, and Transunion.

34.     The Debt Collector falsely reported the amount of the Debt to one or more credit reporting agencies as $12,197.00.

**Respondeat Superior Liability**

35.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

36.     The acts and omissions complained of herein were committed by agents employed by the Defendants.

37.     The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

38.     The acts and omissions by the agents were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by the Defendants in collecting debts.

39. By committing these acts and omissions against Plaintiff, the agents were motivated to benefit their principal, the Defendants.

40. Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by their agents in its attempts to collect a debt from Plaintiff.

41. The Debt Collection Law Firm is an agent of the Debt Collector.

42. The Debt Collector is liable to the Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by their agents in its attempts to collect a debt from Plaintiff.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

43. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

44. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making any false representation of the character, amount, or legal status of any debt.

45. The Defendants violated 15 U.S.C. § 1692e(2)(A) by:

   A. representing in the Letter that the interest rate was zero (0) percent and then representing that the amount of accrued interest was $5,880.00;

   B. representing in the County Court Action that the amount of the Debt was $6,316.28, and then later representing in the Call that the amount of the Debt was $6,374.98;

   C. representing in the County Court Action that court costs were $211.55. and then later representing during the Call that court costs were $58.70;

   D. representing in the Call that court costs were due before judgment had entered and the county court had awarded costs;

    E. representing in the Validation Letter that the charge off amount was $6,090.48, and later representing during the Call that the amount of the Debt was $6,374.98; and

    F. representing to one or more credit reporting bureaus that the amount of the Debt was $12,197.00.

 46. 15 U.S.C. § 1692e(2)(B) prohibits debt collectors from making false representations regarding any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

 47. The Defendants violated 15 U.S.C. § 1692e(2)(B) by:

    A. representing that the debt necessarily included court costs before the county court had awarded court costs; and

    B. representing that the court costs totaled $211.55 in the County Court Action and then later during the Call representing that court costs totaled $58.70.

 48. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

 49. The Defendants violated 15 U.S.C. § 1692e(8) by:

    A. reporting credit information concerning the Debt to one or more credit reporting agencies, including Experian, Equifax, and Transunion that was false;

    B. reporting credit information that was false to the county court in the County Court Action; and

    C. reporting credit information that was false to the Plaintiff.

 50. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

51. The Debt Collection Law Firm violated 15 U.S.C. § 1692f by representing to the Plaintiff that the Debt included court costs when such costs had not been awarded in the County Court Action.

52. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA.

53. As a direct consequence of the Defendants' acts, practices, and conduct, Plaintiff has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

54. Plaintiff is entitled to damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Heather Donahue prays for relief and judgment, as follows:

1. Awarding Plaintiff Heather Donahue statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff Heather Donahue is entitled to and hereby demands a trial by jury.

Dated: June 4, 2014

       Respectfully submitted,

       /s/ Ahson B. Wali
       Daniel J. Vedra
       Ahson B. Wali
       Vedra Wali LLC
       1435 Larimer St. Suite 308
       Denver, CO 80202
       Phone: (303) 937-6540
       Fax: (303) 937-6547
       Email: daniel.vedra@vwfirm.com
             ahson.wali@vwfirm.com